UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KASEY CARROLL,<br><br>    Plaintiff,<br><br>v.<br><br>AGENT OF THE STATE, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-01348-CDS-EJY<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete. However, Plaintiff's Complaint, to the extent it is decipherable, appears to attack his incarceration. The Complaint also identifies individuals who cannot be sued. Accordingly, the Court recommends this matter be dismissed in its entirety, without prejudice, to allow Plaintiff to proceed with a habeas petition if he so chooses.

**I.  Screening Standard**

The Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2). Under the Prison Litigation Reform Act, a federal court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Id.*

The standard for dismissing a complaint for failure to state a claim upon which relief can be granted is established under Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard to § 1915 when reviewing the adequacy of a complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper

1

only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.   Discussion**

As a matter of first concern after setting aside the caption in which Plaintiff identifies the State of Nevada as the Plaintiff, the Court finds Plaintiff's Complaint difficult to decipher. Nonetheless, the Court leniently construes Plaintiff's claims as alleging a due process violation and attacking his confinement. *See* ECF No. 1-1 at 3-4 in which Plaintiff says he was "unjustly incarcerated" and stating "the stated invested considerable resources in … [his] prosecution" while he was "denied the right or luxury to match the government effort." However, prior to initiating a civil action that "necessarily require[s] the plaintiff to prove the unlawfulness of his conviction *or confinement*," a plaintiff must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ...." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1142 (9th Cir. 2005). The reason for this rule is to prevent litigants from

circumventing the strict procedural requirements of the federal habeas corpus statute. *Huftile*, 410 F.3d at 1139. Thus, to the extent Plaintiff seeks to invalidate his prosecution and apparent conviction, he must bring his claim through a habeas petition.

Further, even if what Plaintiff argues and seeks as relief does not fall under *Heck*, Plaintiff appears to attack psychologists who were "agents of the state" in a competency proceeding. ECF No. 1-1 at 2-4. "'[C]ourt-appointed psychologists and psychiatrists who perform court-ordered evaluations enjoy quasi-judicial immunity,' and, if quasi-judicial immunity applies, then the case must be dismissed without leave to amend." *Nguyen v. Cross*, Case No. SA CV 22-cv-1343-DOC (PLA), 2022 WL 21825787, at *4 (C.D. Cal. Nov. 1, 2022) *quoting*, in part, *Sullivan v. Kennedy*, Civil No. 21-00235 JAO-RT, 2021 WL 2383224, at **5-7 (D. Haw. June 10, 2021) *appeal dismissed*, 2021 WL 4597834 (9th Cir. Sep. 17, 2021); *Karkanen v. Family Court Services of Contra Costa County*, Case No. 17-cv-00999-HSG, 2017 WL 2730227, at *3 (N.D. Cal. June 26, 2017) ("Preparing an evaluation as a court-appointed expert witness is not only closely intertwined with the adjudicative process, but also requires exercising substantial discretion pertaining to conflict resolution.") (Internal citation omitted.) "Under the doctrine of quasi-judicial immunity, absolute judicial immunity may be 'extended to certain others who perform functions closely associated with the judicial process.'" *Bridge Aina Le'a, LLC v. Haw. Land Use Comm'n*, 125 F.Supp.3d 1051, 1074 (D. Haw. 2015) (quoting *Duvall v. Cnty. of Kitsap,* 260 F.3d 1124, 1133 (9th Cir.2001)).

### III.    Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice so that, if appropriate and Plaintiff so chooses, he may proceed with a habeas petition in state court.

Dated this 26th day of July, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).