UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KASEY CARROLL,

        Plaintiff,

    v.

AGENT OF THE STATE, et al.,

        Defendants.

Case No. 2:24-cv-01348-CDS-EJY

**ORDER**
**AND**
**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Second Amended Complaint (ECF No. 12), which was filed in response to the Court's Order dismissing Plaintiff's First Amended Complaint as illegible.  ECF No. 7.

**I.    Screening Standard.**

The Court screens Plaintiff's Second Amended Complaint ("SAC") under 28 U.S.C. § 1915(e)(2).  In screening the SAC, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.*  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

**II.    Plaintiff's SAC.**

In his SAC Plaintiff names the following Defendants: (1) D. Alatorre and S. Corsaro—two Las Vegas Metropolitan Police Department ("LVMPD") Officers; (2) Mark Brattin and Melinda Stephens Ramirez—two expert witnesses; (3) Arlene Heshmati—a Clark County Public Defender;

1   and (4) Christy Craig—Judge in the Eighth Judicial District Court of Nevada.  ECF No. 12 at 2.  The

2   SAC asserts three claims.  First, Plaintiff alleges "cruel and unusual punishment" by Officers

3   Alatorre and Corsaro based on excessive use of force that supposedly included attacking and beating

4   Plaintiff "in a public forum" sometime in June of 2024.  *Id.* at 3.  Second, Plaintiff alleges his due

5   process rights were violated by denial of "adequate representation" as well as various trial rights.

6   *Id.* at 4.  Third, Plaintiff alleges "illegal detainment without bail", "unwarranted medical care", and

7   denial of a speedy trial.  *Id.* at 5.  The Court finds none of Plaintiff's allegations to be sufficiently

8   pleaded to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Court further finds all

9   but two of the named Defendants enjoy absolute immunity from suit.

10          A.      Claims Against Defendants Craig, Brattin, and Ramirez are Barred by Immunity.

11          The Ninth Circuit is clear that "[j]udges are absolutely immune from damages actions for

12   judicial acts taken within the jurisdiction of their courts."  *Schucker v. Rockwood*, 846 F.2d 1202,

13   1204 (9th Cir.1988) (per curiam).  In fact, judicial immunity applies "however erroneous the act may

14   have been, and however injurious in its consequences it may have proved to the plaintiff."

15   *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)).

16   Here, Plaintiff attempts to allege claims against Judge Craig based on her actions in the underlying

17   state court proceeding.  ECF No. 12 at 4.  All such claims are barred by judicial immunity and should

18   be dismissed with prejudice.

19          Like judges, witnesses also enjoy absolute immunity from liability for their testimony in

20   judicial proceedings.  *Briscoe v. LaHue*, 460 U.S. 325 (1983).  This immunity applies to testimony

21   given at trial as well as in pretrial hearings.  *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987).

22   Here, Plaintiff indicates that Defendants Brattin and Ramirez are expert witnesses.  ECF No. 12 at

23   2.  Though his SAC does not allege any facts specific to these Defendants, any claims against them

24   in their capacity as witnesses are barred and should be dismissed with prejudice.

25          B.      Plaintiff Fails to State a Claim Against the Remaining Defendants.

26          Turning to Plaintiff's remaining claims, the SAC appears to allege ineffective assistance of

27   counsel by Defendant Heshmati, as well as excessive force by Defendants Alatorre and Corsaro.  *Id.*

28   at 2-4.

1              i.      *Public Defenders cannot be sued under 42. U.S.C. § 1983.*

2          Public defenders, though not shielded by immunity, are nonetheless not subject to liability

3   under 42 U.S.C. § 1983 for actions undertaken in their role as counsel.  *Miranda v. Clark Cnty.,*

4   *Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (as a matter of law, a Clark County public defender does not

5   "become a state actor within the meaning of § 1983" even when "providing inadequate

6   representation to [a] defendant").  All claims under 42. U.S.C. § 1983 asserted against Defendant

7   Heshmati arising out of her representation of Plaintiff as a public defender should be dismissed with

8   prejudice.  Further, to the extent Plaintiff claims his continued detention is in violation of his

9   constitutional rights due to inadequate assistance of counsel, this claim must be raised in a Petition

10  for Habeas Corpus, as the Court directed in its prior Report and Recommendation.  *See* ECF No. 3

11  at 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

12             ii.     *Plaintiff fails to state a cognizable claim against Officers Alatorre and*
                       *Corsaro.*
13

14         Plaintiff's claim against LVMPD Officers Alatorre and Corsaro alleging they "used

15  unreasonable and excessive force" by "attacking and beating" Plaintiff (ECF No. 12 at 3), although

16  asserted as "cruel and unusual punishment," is properly brought under the Fourth Amendment.

17  *Graham v. Connor*, 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used

18  excessive force—deadly or not—in the course of an arrest … should be analyzed under the Fourth

19  Amendment").  Thus, the Court liberally construes Plaintiff's claim against Alatorre and Corsaro

20  under the Fourth Amendment.  Unfortunately, even given this liberal construction, Plaintiff fails to

21  include sufficient facts to state a claim under the Fourth Amendment.

22         Excessive force claims are evaluated using a "reasonableness" standard that considers

23  "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances

24  confronting them."  *Graham*, 490 U.S. at 395.  The inquiry involves balancing "the nature and

25  quality of the intrusion on the individual's Fourth Amendment interests against the countervailing

26  government interests at stake."  *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003).  Courts use

27  three primary factors in evaluating the government's interest in the use of force: (1) "whether the

28  suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the

crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011).  Here, Plaintiff does not plead any facts or circumstances surrounding Defendants' alleged excessive use of force.  Plaintiff also does not state the crime for which he was arrested, the type of force used against him, or anything else that would support a plausible Fourth Amendment excessive force claim.  For these reasons, Plaintiff's claims against Defendants Alatorre and Corsaro should be dismissed.  However, because it is possible this claim could survive with the assertion of additional facts, and because Plaintiff's First Amended Complaint was dismissed due to illegibility rather than non-compliance with the Court's prior recommendation, the Court grants Plaintiff one additional opportunity to plead his Fourth Amendment claim.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's excessive force claim asserted against LVMPD Officers Alatorre and Corsaro is dismissed without prejudice and with **one additional opportunity to amend**.  The Court advises no further amendments will be recommended by this Court as Plaintiff will have had four opportunities to plead a viable claim.

IT IS FURTHER ORDERED that Plaintiff may file a Third Amended Complaint no later than **October 7, 2024**, in which he names current Defendant Alatorre and Corsaro.  The Third Amended Complaint **must** include all facts Plaintiff wishes the Court to consider as asserted in support of his excessive force claim because the Court cannot refer to his prior filings when determining whether he states a violation of his Fourth Amendment rights.

IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with this Order will result in a recommendation to dismiss this action in its entirely.

**IV.    RECOMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's claims against Eighth Judicial District Court Judge Christy Craig, Clark County Public Defender Arlene Heshmati, and expert witnesses Mark Brattin and Melinda Stephens Ramirez be dismissed with prejudice.

Dated this 5th day of September, 2024

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).