1

2                  **UNITED STATES DISTRICT COURT**

3                    **DISTRICT OF NEVADA**

4 Kasey Carroll,                      Case No. 2:24-cr-01348-CDS-EJY

5           Plaintiff         **Order Adopting Report and**
**Recommendations. Denying Carroll's**

6    v.                          **28 U.S.C. § 2255 Motion, and Order**
**Directing Plaintiff to Update His**

7 Agent of the State, et al.,           **Current Address**

8          Defendants        [ECF Nos. 1, 3, 10, 16]

9

10       This is a civil rights action initiated by pro se plaintiff Kasey Carroll. There are two

11 report and recommendations (R&Rs), as well as Carroll's § 2255 motion, and his motion for

12 leave to proceed *in forma pauperis* (IFP), pending before the court. ECF Nos. 1, 3, 10, 16. For the

13 reasons set forth herein, I adopt the R&Rs in full and deny Carroll's motion for § 2255 relief.

14 **I.**      **Relevant procedural history**

15       As required by 28 U.S.C. § 1915(e)(2), Carroll's original complaint (ECF No. 1-1) was

16 screened. Magistrate Judge Elayna J. Youchah issued an R&R (hereinafter, R&R-1) on July 26,

17 2024, recommending that this action be dismissed without prejudice for several reasons. *See*

18 R&R-1, ECF No. 3. Objections to R&R-1 were due August 9, 2024. *See id.* at 4 (citing Local Rule

19 IB 3-2). No objections were filed.

20       On August 2, 2024, Carroll filed an amended complaint (First Am. Compl. (FAC), ECF

21 No. 6), which Judge Youchah subsequently dismissed without prejudice as illegible. Order, ECF

22 No. 7. In the order dismissing the FAC, Carroll was advised that he must file a proposed second

23 amended complaint no later than September 4, 2024. *Id.* On August 22, 2024, Carrol filed a

24 second amended complaint (SAC). ECF No. 12. On September 5, 2024, Judge Youchah issued a

25 screening order regarding the SAC and an R&R (hereinafter, R&R-2) that I dismiss the

26 excessive force claim asserted against Las Vegas Metropolitan Police Department officers

Alatorre and Corsaro. R&R-2, ECF No. 16. Judge Youchah set October 7, 2024, as the deadline to file a third, and final opportunity for Carroll to amend his complaint. *Id.* at 4. Carroll also filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mot., ECF No. 10.

II.   **Discussion**

  **A.   Carroll failed to file objections to the pending R&Rs, so they are adopted.**

  As of the date of this order, Carroll has not objected to either R&R-1 or R&R-2, nor has he requested more time to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). As no objections have been filed, I adopt both R&R-1 and R&R-2 n full.[1]

  If Carroll elects to file a third amended complaint (TAC), he must file it no later than October 7, 2024. The only defendants Carroll may name in the TAC are Alatorre and Corsaro. Further, the TAC must include all facts Carroll wishes the Court to consider as asserted in support of his excessive force claim when alleging a violation of his Fourth Amendment rights because the Court cannot refer to his prior filings. Carroll is reminded that failure to timely comply with Judge Youchah's order will result in a recommendation to dismiss this action in its entirety. *See* ECF No. 16 at 4.

  **B.   Carroll's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C.**
   **§ 2255 is denied because Carroll is not in federal custody.**

  A **federal prisoner** who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See* 28 U.S.C. § 2255; *Stephens v. Herrera*, 464 F.3d 895, 897 (9th

---

[1] The court notes that R&R-1 denied Carroll's IFP application as moot as the action was being dismissed. The court construes that denial as without prejudice so to the extent that Carroll files a third amended complaint, the court will re-evaluate his application accordingly.

Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a **federal prisoner** may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)) (emphasis added). There is no evidence that Carroll is a federal prisoner, much less that he was convicted of a federal offense. Rather, the record reflects that Carroll seeks to challenge his conviction arising out of state court in Las Vegas, Nevada. *See* ECF No. 10 at 1. Accordingly, there is no basis to grant relief under § 2255 is Carroll's motion to vacate, set aside, correct his sentence is denied.

### C. Plaintiff must update his current mailing address.

The docket reflects that at the time Carroll initiated this action, he was an inmate at the Clark County Detention Center (CCDC). The court takes judicial notice of CCDC's online inmate search[2] that reveals there is no Kasey Carroll[3] in custody as of October 4, 2024. *See* https://redrock.clarkcountynv.gov/ccdcincustody/inCustodySearch.aspx (last accessed October 4, 2024). Accordingly, pursuant to the Local Rules of this District, Carroll is ordered to file a notice of change of address no later than October 21, 2024. *See* LR IA 3-1 ("An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney.) Failure to comply with this order may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. *Id.*

---

[2] The Court may take judicial notice of publicly available information about jail inmates on government websites. *See, e.g., United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of inmate information on the Federal Bureau of Prisons' website); *Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) (same).

[3] In an abundance of caution, the court also searched under "Kasey Caroll," "Kasey Carool," and just "Kasey" with no success.

**III.    Conclusion**

IT IS HEREBY ORDERED the report and recommendations set forth in **[ECF Nos. 3 and 16] are adopted in full.** As a result, Carroll's IFP application **[ECF No. 1] is denied without prejudice**, and the claims against Eighth Judicial District Court Judge Christy Craig, Clark County Public Defender Arlene Heshmati, and expert witnesses Mark Brattin and Melinda Stephens Ramirez are dismissed with prejudice.

IT IS FURTHER ORDERED that **if Carroll elects to file a third amended complaint (TAC), he must file it no later than October 7, 2024**. The only defendants Carroll may name in the TAC are Alatorre and Corsaro. Further, the TAC must include all facts Carroll wishes the Court to consider as asserted in support of his excessive force claim when alleging a violation of his Fourth Amendment rights because the Court cannot refer to his prior filings.

IT IS FURTHER ORDERED that Carroll's § 2255 motion **[ECF No. 10] is DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court enter a separate and final judgment denying Carroll's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS FURTHER ORDERED that Carroll **must file a change of address with this court pursuant to Local Rule IA 3-1 no later than October 21, 2024.**

Dated: October 7, 2024

_____
Cristina D. Silva
United States District Judge