UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Kasey Carroll, | Case No. 2:24-cv-01348-CDS-EJY |
|---|---|
| Plaintiff | **Amended Order Adopting Report and Recommendation and Dismissing Action Without Prejudice, and Denying Plaintiff's Motions** |
| v. | |
| Agent of the State, et al., | |
| Defendants | [ECF No. 22, 26, 27, 28] |

This is a now-closed civil rights action initiated by pro se plaintiff Kasey Carroll. I issued an order closing this action after adopting the report and recommendation (R&R) of United States Magistrate Judge Elayna J. Youchah that I dismiss this action for failing to comply with court orders. Dismissal Order, ECF No. 25. As set forth in the R&R (ECF No. 22), Carroll was ordered to file a third amended complaint by October 7, 2024, only naming defendants Alatorre and Corsaro. *Id.* at 1 (citing ECF No. 18). Carroll was also ordered to file a change of address no later than October 21, 2024. *Id.* Thereafter, Carroll was ordered to "show cause, in writing, no later than October 31, 2024, why this matter should not be dismissed in its entirety" for failure to comply with the court's order to file a third amended complaint. *Id.* (citing ECF No. 20). At the time the R&R was issued, Carroll had neither updated his address nor filed a third amended complaint.[1] To date, Carroll still has not filed an updated address, a third amended complaint, or any objections to the R&R.

---

[1] I issue the amended order to include address the dismissal factors and to include the following information: Upon reviewing the docket to resolve Carroll's December 9, 2024 motions, the court realized the Clerk of Court entered a "court only" entry on November 12, 2024, reflecting an "informal address" for Carroll that was listed in Carroll's Petition for Writ of Habeas Corpus (ECF No. 23). Carroll still has not updated his address as ordered by the court and required by the Local Rules. *See* LR IA 3-1 (A "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number . . . . Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.").

Federal Rule of Civil Procedure 41(b) allows the district court may dismiss an action for failure to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947 (9th Cir. 1976) ("[A] District Court has the power to dismiss a claim of a plaintiff with prejudice [pursuant to Fed. R. Civ. P. 41(b)] for failure to comply with an order of the court."). The Ninth Circuit has also recognized that "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citations and internal quotation marks omitted); *Ferdik*, 963 F.2d at 1260 ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" (citation omitted)). These powers allow the court to manage their docket to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh the following five factors: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020). The Court "may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Four of the five factors strongly weigh in favor of dismissal here.

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Carroll failed to comply with my

order to file a third amended complaint (TAC) correcting the identified deficiencies involving defendant-Officers Alatorre and Corsaro. *See* Order, ECF No. 18. It is impossible for this case to move forward expeditiously without an operative complaint. Carroll also failed to respond to the show-cause order as to why the action should not be dismissed for failing to file the TAC as directed, and failed to update his address though he was ordered to do so by October 21, 2024. And it has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986).

The third factor for consideration, the risk of prejudice to the defendants, also weighs in favor of dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." *Sw. Marine, Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). Risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. *See Yourish*, 191 F.3d at 991 ("[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default.") (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th. Cir. 1987)). Carroll has failed to provide this court with any reason for his failure to comply with the court's orders. His failure to prosecute causes prejudice to the defendants therefore this factor favors dismissal.

The fourth factor, the public policy favoring disposition of cases on their merits, typically weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, Carroll has failed to discharge his responsibility to prosecute his claims against the defendant-officers, even after being warned about the possibility of dismissal of his claims. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Carroll's failure to respond to the court's orders and prosecute his claims against the defendants.

The fifth factor, the availability of less drastic sanctions, also supports dismissal. It does not appear that any less drastic sanctions are available. A warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132; *see also Ferdik*, 963 F.2d at 1262. Carroll was given two opportunities to respond to the court orders to update his addressed. ECF Nos. 18; 20. He failed to do so. He was then given an opportunity to object to the report and recommendation recommending dismissal but failed to do so, instead he filed other unrelated motions which are almost impossible to discern. And to date, he still has not updated his address. Based on his noncompliance, the court can only surmise that he has abandoned his claims with no intention of moving forward.

"When a party fails to comply with any district court order within the time period given for compliance, the district court may dismiss the action pursuant to Fed. R. Civ. P. 41(b)." *Yourish*, 191 F.3d at 987. Because I find that the five-factor test for dismissal under Rule 41(b) strongly supports dismissal, I dismiss this action without prejudice. As no objections have been filed, I adopt the R&R in full and dismiss this case.[2] Further, because this action is dismissed, Carroll's motion for new trial, motion for recusal of judge, and motion for mistrial are denied as moot. ECF Nos. 26–28.

Although Carroll did not file objections to the R&R, he did file a petition for writ of habeas corpus on December 9, 2024. ECF No. 29. If Carroll wishes to pursue a federal habeas petition, he must initiate a new action. If he initiates a new habeas action, Carroll *should not* put the case number of this case on documents submitted to initiate a new action, and he must either pay the $5 filing fee or submit a fully completed Application to Proceed In Forma Pauperis on the correct form, and he must submit a Petition for Writ of Habeas Corpus in compliance

---

[2] "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

with LSR 3-1 with respect to the form of the Petition. Last, his Petition must be fully completed and legible. If Carroll intends on filing a state habeas action, he must proceed in state court.

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 22] is accepted and adopted** in full. This action remains dismissed and closed.

IT IS FURTHER ORDERED that the motion for new trial, motion for recusal of judge, and motion for mistrial **[ECF Nos. 26, 27, 28] are DENIED as moot.**

Dated: January 7, 2025

_____
Cristina D. Silva
United States District Judge

5